UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DWAYNE PAYNE,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. JONATHAN AKANNO,<br><br>    Defendant. | Case No.: 1:13-cv-00942-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 1] |

Plaintiff Kevin Dwayne Payne is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On January 20, 2011, Plaintiff was involved in a fight with another inmate at Kern Valley State Prison, which resulted in injuries to Plaintiff's right shoulder, a dislocated left finger, and a right hand and wrist injury. On this same day, Plaintiff was transported to Delano Medical Center for medical treatment for his dislocated finger. A couples weeks thereafter, Plaintiff noticed that his finger was not healing correctly without having been provided with a splint for his injuries. Plaintiff was also experiencing pain his right hand. Approximately a week later, Plaintiff was examined by Dr. Jonathan Akanno. Dr. Akanno was aware that a splint was not provided for his finger. Dr. Akanno denied Plaintiff's request for a splint and prescribed pain medication. Dr. Akanno ordered x-rays for his right hand and wrist pain. The x-rays were taken on May 25, 2011. On June 9, 2011, Dr. Akanno advised Plaintiff that there were negative results on the x-rays, but he was only provided pain medication. Dr. Akanno referred Plaintiff to physical therapy. The physical therapist noticed that Plaintiff's finger was not adapting to the therapy in which it appeared osteoarthritis was built up around the joints. The

therapy continued with negative results. The doctor denied an MRI. To this day, Plaintiff has limited movement and cannot straighten or bend his finger.

On May 5, 2012, Plaintiff transferred to Calipatria State Prison and he expressed that he was experiencing pain in his finger, hand, and wrist. Plaintiff was scheduled for a cortisone injection on October 23, 2012, for his wrist pain. Prior to the injection, an x-ray of his wrist revealed three fractures to his bone. The doctor then reviewed the x-ray that Dr. Akanno reviewed and noticed the first fracture which Dr. Akanno did not discover. A hand specialist told Plaintiff surgery would be required to fix the fractures, and the surgery took place on December 7, 2012.

## III.

## DISCUSSION

### A.   Deliberate indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); Snow v. McDaniel, 681 F.3d at 987-88; Wilhelm v. Rotman, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate

3

1 indifference." Snow v. McDaniel, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th
2 Cir. 1989)); Wilhelm v. Rotman, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332
3 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was
4 medically unacceptable under the circumstances and that the defendants chose this course in conscious
5 disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332)
6 (internal quotation marks omitted).

7    Plaintiff's allegations fail to rise to the level of a constitutional violation by Defendant Dr.
8 Akanno.  Plaintiff's allegations are based, in part, on his disagreement with Dr. Akanno's choice of
9 treatment of Plaintiff's injuries.  Although Dr. Akanno denied Plaintiff's request for a splint, Dr.
10 Akanno provided pain medication, referred Plaintiff for an x-ray examination, and later referred him to
11 physical therapy.  The fact that after Plaintiff was transferred to another institution almost a year and a
12 half after the injuries occurs, and a doctor noticed three factures, and a fracture in the x-ray reviewed
13 by Dr. Akanno, this does not rise to the level of deliberate indifference to a serious medical need.
14 Even assuming Dr. Akanno erred, a finding which is not supported by the record, an Eighth
15 Amendment claim may not be premised on even gross negligence by a physician. Wood v.
16 Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  There is no basis to find that Dr. Akanno's
17 treatment of Plaintiff "was medically unacceptable under the circumstances" or that he "chose this
18 course [of treatment] in conscious disregard of an excessive risk to Plaintiff's health." Snow, 681 F.3d
19 at 988 (citing Jackson, 90 F.3d at 332.)  Plaintiff will be given the opportunity to file an amended
20 complaint, if he desires to do so.

## IV.

## CONCLUSION AND ORDER

23 For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be
24 granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v.
25 Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by
26 adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir.
27 2007) (no "buckshot" complaints).
28 ///

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 20, 2013, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 21, 2014**

UNITED STATES MAGISTRATE JUDGE