UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DWAYNE PAYNE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. JONATHAN AKANNO,<br><br>　　　　Defendant. | Case No.: 1:13-cv-00942-SAB (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 10)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

Plaintiff Kevin Dwayne Payne is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 11, 2013, Plaintiff consented to the jurisdiction of a magistrate judge. (ECF No. 6.) On February 24, 2014, Plaintiff's complaint was dismissed with leave to amend. (ECF No. 7.) Currently before the Court is Plaintiff's first amended complaint, filed April 17, 2014. (ECF No. 10.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On January 20, 2011, Plaintiff was involved in a fight with another inmate at Kern Valley State Prison, which resulted in injuries to Plaintiff's right shoulder, a dislocated left finger, and a right hand and wrist injury. (First Am. Compl. 3, ECF No. 10.) On this same day, Plaintiff was transported to Delano Medical Center for medical treatment for his dislocated finger. (Id.)

A couples weeks later, Plaintiff noticed that his finger was not healing correctly without having been provided with a temporary splint for his injuries. (Id.) The swelling in Plaintiff's right hand had gone down, but he was still having trouble with movement. (Id. at 4.) Approximately two weeks later, Plaintiff was examined by Dr. Jonathan Akanno. Plaintiff informed Dr. Akanno that a splint was

not provided for his finger. (Id.) Dr. Akanno denied Plaintiff's request for a splint and chose to treat Plaintiff's injury with pain medication. (Id.) Dr. Akanno ordered x-rays for Plaintiff's hand, wrist, shoulder, and back. At Plaintiff's request, Dr. Akanno referred him to physical therapy. (Id.)

Plaintiff had x-rays taken on May 25, 2011. (Id.) Plaintiff saw Dr. Akanno on June 9, 2011 who informed him that the x-ray results came back negative and continued to prescribe pain medication. (Id.) The physical therapist noticed that Plaintiff's finger was developing osteoarthritis due to improper treatment. (Id.) Dr. Akanno denied an MRI stating that Sacramento would not pay for an MRI or a hand specialist. (Id.)

On May 5, 2012, Plaintiff transferred to Calipatria State Prison and he expressed that he was experiencing pain in his finger, hand, and wrist. (Id. at 4-5.) Plaintiff was scheduled for a cortisone injection on October 23, 2012, for his hand and wrist pain. (Id. at 5.) The doctor became concerned due to the location of the pain and sent Plaintiff for an x-ray. (Id.) The x-ray of his wrist revealed three fractures to his bone. (Id.) The doctor then reviewed the x-ray that Dr. Akanno reviewed and noticed the first fracture which Dr. Akanno did not discover. (Id.) Plaintiff had a consultation with a hand specialist in November 2012, and surgery to place a titanium screw implant on December 7, 2012. (Id.)

For the reasons discussed herein, Plaintiff's complaint fails to state a cognizable claim for relief.

### III.

### DISCUSSION

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm, 680 F.3d at 1122.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegations are based in part upon Dr. Akanno's refusal to provide the treatment requested by Plaintiff. "A difference of opinion between a physician and the prisoner . . . concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). To state a claim in this instance, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). Dr. Akanno prescribed pain medication, ordered x-rays of Plaintiff's hand, wrist, shoulder, and back, and referred Plaintiff to physical therapy. Plaintiff has not alleged any facts to state a plausible claim that Dr. Akanno chose a medically unacceptable course of treatment in conscious disregard to a risk to Plaintiff.

Here, Plaintiff contends that Dr. Akanno failed to diagnose the fracture of his hand. An allegation by a prisoner that a physician has been merely indifferent or negligent or has committed medical malpractice in diagnosing or treating a medical condition does not state a constitutional claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106, 97 S. Ct. at 292.

Plaintiff has alleged no facts to show that Defendant Akanno was aware that Plaintiff had fractured his hand and failed to appropriately respond. To the extent that Plaintiff contends that his physical therapist noticed that Plaintiff's finger was developing osteoarthritis due to improper treatment, this is insufficient to state a plausible claim that Defendant Akanno was deliberately

indifferent to Plaintiff's serious medical need.  Plaintiff's complaint fails to allege more than mere negligence or, at the most malpractice, which is insufficient to state a claim for deliberate indifference.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, in this action Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court.  Plaintiff has now filed two complaints without alleging facts against the defendant sufficient to state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983 and the Clerk's Office shall enter judgment.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   **April 24, 2014**

UNITED STATES MAGISTRATE JUDGE